IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ROCIO H. RODRIGUEZ § <br> § <br> vs. § <br> § <br> PALOMAR SPECIALTY INSURANCE § <br> COMPANY, WELLINGTON CLAIM § <br> SERVICE, INC., AND CHRISTOPHER § <br> GRIMM § | Case No. _____ |

### DEFENDANT PALOMAR SPECIALTY
### INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, PALOMAR SPECIALTY INSURANCE COMPANY ("Palomar") files its Notice of Removal to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following.

### I.

### Factual Background

1.  On or about January 20, 2017, Plaintiff filed its Original Petition in a case styled *Rochio H. Rodriguez v. Palomar Insurance Company, Wellington Claim Service, Inc. and Christopher Grimm*, Cause No. C-0326-17-D, pending in the 206th Judicial District Court for Hidalgo County, Texas.

2.  Palomar was served with the Original Petition on February 13, 2017. Palomar filed its Original Answer to Plaintiff's Original Petition on March 3, 2017.

3.  Wellington ("Wellington") was served on March 6, 2017. Wellington filed its Original Answer to Plaintiff's Original Petition on March 9, 2017.

4. Citation for Christopher Grimm ("Grimm") was served on his former employer, Wellington on February 13, 2017. Grimm filed his original answer on March 3, 2017.

5. Palomar files this notice of removal within 30 days of service of citation and within one year from the commencement of the action. *See* 28 U.S.C. §1446(b) and (c).

6. Attached hereto are copies of the following documents:

- **Exhibit A:** The state court's Docket Sheet;
- **Exhibit B:** Plaintiff's Original Petition;
- **Exhibit C:** Citation served on Palomar;
- **Exhibit D:** Citation served on Wellington;
- **Exhibit E:** Citation served on Grimm;
- **Exhibit F:** Palomar's and Grimm's Original Answer to Plaintiff's Original Petition;
- **Exhibit G:** Wellington's Original Answer to Plaintiff's Original Petition;
- **Exhibit H:** Plea in Abatement; and
- **Exhibit I:** List of Parties and Counsel

## II.

### Basis For Removal

7. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### Plaintiff and Palomar Are Diverse

8. Upon information and belief, Rocio Rodriguez ("Rodriguez" or "Plaintiff") was a resident and citizen of the state of Texas at the time the lawsuit was filed.

9. Palomar Specialty Insurance Company is and was at the time the lawsuit was filed, an Oregon domiciled insurance company with its principal place of business in California.

10. Co-Defendants, Wellington and Grimm, are not properly joined as parties to this lawsuit but are citizens of the state of Texas.

    **a.    Co-Defendants, Wellington and Grimm, have been improperly joined in this lawsuit.**

        **(1)    Improper joinder standard**

11. As an initial matter, Palomar notes that Texas federal courts have begun to recognize the "popular tactic" of naming non-diverse insurance adjusters in an attempt to defeat diversity jurisdiction in mass hail/wind storm litigation. *Gonzalez v. State Farm Lloyds*, No. 4:15-CV-305-A, 2015 WL 3408106, at *3 (N.D. Tex. May 27, 2015) (McBryde, J.); *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016); *see also Dizdar v. State Farm Lloyds, et al;* No. 7:14-CV-00402 in the United States District Court for the Southern District of Texas, McAllen Division (Alvarez, J.) ("The Court has observed an unacceptable and systematic practice by Plaintiffs' counsel… of filing numerous and unfounded claims. In many of these cases, the only issue truly in dispute is whether or not [the insurer] adequately estimated and paid Plaintiffs according to the terms of the contract.").

12. A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Palomar would show that "there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573. Wellington and its

independent adjuster, Grimm, did not commit any torts in their individual capacities. Further, Wellington and Grimm did not commit any tort which was the producing cause of injury to Plaintiff independent of the damages Plaintiff claims pursuant to his claim against Palomar for breach of contract.

13. The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Original Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id*. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).

14. In the context of joinder of non-diverse insurance adjusters, the Southern District has required Plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,*

Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)). Fraudulent joinder of a non-diverse party exists when 1) the plaintiffs have fraudulently pleaded that an opposing party is non-diverse, or 2) the plaintiffs have not stated a claim against the non-diverse party. *International Energy Ventures Mgmt., LLC v. United Energy Group*, *Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

14. Plaintiff fails to state a claim where "there is no possibility of recovery by the plaintiff against a non-diverse defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a non-diverse defendant." *Int'l Energy Ventures*, 818 F.3d at 199-200 (internal quotes and alterations omitted). There must be a *reasonable* basis; a mere theoretical possibility of recovery under Texas law is insufficient to preclude a finding of fraudulent joinder. *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000).

15. "[T]o state a valid state law cause of action, Plaintiff's' Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery." *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 700 (5th Cir. 1999)). Plaintiff's Original Petition does not. Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action. *See Ashcroft v. Iqbal*, 129 S.Ct 1297 (2009).

**(2)   There is no *reasonable basis* for the Court to predict a possible recovery by Plaintiff against Wellington or Grimm individually.**

16. Here, Plaintiff fails to offer any specific facts in support of his claims against Wellington and Grimm that are distinct from Plaintiff's claims against Palomar, and therefore

fails to state a viable state law claim against Wellington and Grimm, individually. *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex.2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)). "Allegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster." *TAJ Properties, LLC. v. Zurich Am. Ins. Co.,* 2010 WL 4923473, *4 (S.D. Tex. 2010) (not designated for publication).

### (3) Plaintiff's Claims Against Brush Country and Hatler Are Generic, Conclusory Assertions Which Do Not Meet the Federal Pleading Standard.

17. In determining whether there is "no possibility" of recovery, the Court conducts a Federal Rule of Civil Procedure 12(b)(6) "type" analysis. *Int'l Energy Ventures*, 818 F.3d at 200. This analysis requires the Court to determine whether plaintiffs' original state court petition states a claim against the non-diverse party under the *federal* pleading rules. *Id.* at 203; *see also Lopez*, 2016 WL 3671115, at *2 (the Court looks to the plaintiffs' state court pleadings at the time of removal to determine whether removal is proper). Thus, to state a claim, plaintiffs must plead facts sufficient to satisfy the requirements of Federal Rules of Civil Procedure 8 and 9. *Int'l Energy Ventures*, 818 F.3d at 203. Plaintiff failed to adequately plead its claims against the non-diverse defendants under the Federal Rules.

18. Specifically, Plaintiff alleges a sole cause of action against Wellington and Grimm, individually, for purported violations of Insurance Code Chapter 541, which prohibits Unfair Methods of Competition and Unfair or Deceptive Acts or Practices. Given Chapter 541 proscribes unfair and deceptive practices, Courts have applied the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) to determine whether plaintiffs have stated a claim under Chapter 541. *See*, *e.g.*, *SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F.Supp.2d 811, 815 (S.D. Tex. 2011) (Rule 9(b) applies to Texas Insurance Code claims "where the gravamen of the claim is fraud even though the theory supporting the claim is not technically fraud" (internal quotes omitted)); *Burton v. Companion Prop. & Cas. Ins. Co.*, W-14-CV-054, 2014 WL 12490005, at *4 (W.D. Tex. July 29, 2014) (claims alleging violations of the Texas Insurance Code are subject to the requirements of Rule 9(b)); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998) (same).

19. Plaintiff's allegations against Wellington and Grimm are conclusory, in that they contain no reference to any material facts to which the law should apply. Aside from alleging that Wellington and Grimm were assigned by Palomar to adjust the claim, Plaintiff's only factual allegations that apply specifically to Wellington and Grimm are the generic and conclusory allegations that Wellington and Grimm: (1) improperly adjusted the claim; (2) failed to quantify the damages and made unspecified errors in estimating the value of the claim, thereby failing to adequately compensate Plaintiff for the alleged loss; and (3) made unspecified misrepresentations to Plaintiff regarding coverage for the claim. Just as in *Okenkpu* cited above, Plaintiff's Original Petition "fails to specify any statements or actions which Plaintiff considers to be misrepresentations or fraudulent, Plaintiff does not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL

1038678 at *6.  Insurers, as well as adjusters, have the right to estimate damages based on their investigation, skill, and training without being sued for alleged Insurance Code violations just because public adjusters and lawyers blanket the area and promise "new roofs" to property owners.  *Texas Mut. Ins. Co. v. Ruttiger*, 265 S.W.3d 651, 661 (Tex.App.-Houston [1st Dist.] 2008), citing *United Services Auto. Ass'n v. Croft*, 175 S.W.3d 457, 471 (Tex.App.-Dallas 2005).  "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the factfinder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham v. State Farm Mutual Automobile Ins. Co.*, 103 F.3d 456, 459 (5th Cir.1997), citing *Lyons v. Millers Casualty Ins. Co.,* 866 S.W.2d 597, 600 (Tex.1993).

20. Briefly summarizing statutory language and common law causes of action, as Plaintiff did here, is not the same as pleading actionable facts to which a cause of action should apply.  Thus, there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Wellington or Grimm. *Griggs*, 181 F.3d at 699-701; *Keen*, 875 F.Supp.2d at 686 (because Plaintiff's claims against the adjuster are identical to his claims against the insurer, Plaintiff fails to adequately state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

21. As several courts have noted, many of the commonly asserted causes of action against third party, independent insurance adjusters—just like those here—are not actionable. Specifically:

- Plaintiff cannot recover against Wellington or Grimm, individually, under Insurance Code Section 541.060(a)(2)(A), which requires *insurers* to attempt a reasonable settlement of a claim when liability is reasonably clear. *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047 at *4 (N.D. Tex. Aug. 31, 2015) (citing *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277 at*4 (N.D. Tex. Dec. 11, 2014)); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.,* No. 3:15-CV-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016). This is the case because an adjuster lacks settlement authority on behalf of the insurer. *Id.*

- Plaintiff cannot recover against Wellington or Grimm, individually, under Insurance Code Section 541.060(a)(4), which requires *insurers* to (A) affirm or deny coverage, or (B) reserve rights, within a reasonable time. *Lopez*, 2016 WL 3671115, at *4 (citing *One Way Invs.*, 2014 WL 6991277, at *5). Not only does an adjuster lack authority to affirm or deny coverage, an adjuster does not have any obligation to provide a reasonable explanation of the insurer's coverage position. *Id.*

- Similarly, Plaintiff cannot recover against Wellington or Grimm under Insurance Code Section 541.060(a)(7), which prohibits insurers from refusing payment without conducting a reasonable investigation. *See*, *e.g.*, *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724. It is the insurance company that "refuses" to pay a claim, not the adjuster.

22. Because Plaintiff's Original Petition fails to state any specific, actionable conduct on Wellington's and Grimm's part, there is no *reasonable basis* for the Court to predict that Plaintiff might be able to recover against Wellington or Grimm, individually, as opposed to recovering on its contractual claims against Palomar. *Griggs*, 181 F.3d at 699-701; *Keen,* 875 F.Supp.2d at 686 (holding that, because the plaintiff's claims against the adjuster were identical to his claims against the insurer, the plaintiff failed adequately to state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that

"Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

### (3) Plaintiff's Claims Against Wellington and Grimm are Indivisible From Those Asserted Against Palomar.

23. Further, without asserting facts as to how Wellington and Alvarez individually, and not as independent adjusters assigned by Palomar, committed an actionable *violation* of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal. See *Bell Atlantic Corp. vs. Twombly*, 550 U.S. 544, 555 (2007). Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants. *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication). Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007). "[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster." *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682, 686 (S.D. Tex. 2012) (Harmon, J.). Here, the alleged harm is Palomar's failure to pay the claim.

24. Thus, to state claims of Insurance Code violations against non-diverse insurance adjusters, Plaintiff must "allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."

*Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H-10-1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011)).

25.   "[T]o state a valid state law cause of action, Plaintiff's Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery." *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)). However, it fails to do so. Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action. *See Ashcroft v. Iqbal*, 129 S.Ct. 1297 (2009).

26.   It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he/she theoretically could have possibly violated the Insurance Code. *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages). The Court noted the expert's testimony that the software was widely used and explanation as to how he derived the figures in his estimate "did not in itself make the figure unreasonable." *Id.* at 627-28. This, however, is precisely the pleaded claims against Wellington and Grimm in the Original Petition. As pleaded, these claims are not actionable, but are asserted only in an attempt to defeat diversity jurisdiction. The independent adjuster who inspected and photographed Plaintiff's property took approximately 80 photos of the inside and outside of the house.

27. The record will show that the adjuster who inspected Plaintiff's property at issue was not Grimm. Thus, the allegations that Grimm negligently or intentionally underestimated or missed damages are factually incorrect. Further, the Fifth Circuit has made it clear that simply submitting a higher repair estimate is not evidence of wrongdoing by the adjuster. *Bias v. Standard Guaranty Ins. Co.*, 385 Fed.Appx. 398, 2010 WL 2802449 (5th Cir. 2010) (not designated for publication).

28. The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Palomar owes Plaintiff any amount for a covered loss. Plaintiff's claims are for economic losses against Palomar, which are contractual claims. Further, a *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law. Therefore, Plaintiff's assertions against Wellington and Grimm, the non-diverse Defendants, fail to show any likelihood of recovery against Wellington and Grimm, individually. The citizenship of the non-diverse Defendants, Wellington and Grimm, therefore, is disregarded and removal of this case is proper.

**(3) Plaintiff's Claims Against Wellington and Grimm are Barred by the Independent Injury Rule.**

29. Further, improper joinder exists in the pleadings before this Court as there is no reasonable basis for this Court to predict an individual liability finding against Wellington and Grimm as Plaintiff has not alleged any injury caused by Wellington and Grimm independent of the damages sought for Palomar's alleged failure to pay the claim. In Texas, "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits." *See, e.g., Parkans Int'l v. L.L.C.. v. Zurich Ins.*, 299 F.3d 514, 519 (5th Cir. 2002); *Provident American Ins. Co. v. Casteneda*, 988 S.W.2d 189 (Tex. 1999);

*DaimlerChrysler Ins. Co. v. Apple*, 265 S.W.3d 52, 70 (Tex. App. – Houston [1st Dist.] 2008), *aff'd in part and rev'd on other grounds*, 297 S.W.3d 248 (2009). Plaintiff must demonstrate both extreme conduct and damages that are independent of the benefits of the insurance policy. *See United Serv. Auto. Ass'n v. Gordon*, 103 S.W.3d 436, 442 (Tex. App. – San Antonio 2003, no pet.) (jury verdict for extra-contractual claims reversed because of lack of proof of damages except those stemming from denial of claim); *Castaneda*, 988 S.W.2d 189, 198–99 (Tex. 1998); *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005); *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex 2002).

30. The Fifth Circuit likewise recognizes that *Castaneda* means that "[t]here can be no recovery for mishandling claims unless the complained of acts or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits." *Parkans Int'l v. L.L.C. v. Zurich Ins.*, 299 F.3d 514, 519 (5th Cir. 2002). In *Parkans*, Zurich Insurance Company issued a commercial package policy to Parkans International, L.L.C. A third-party defrauded Parkans causing it a financial loss of approximately $1,000,000. *Id*. at 515. Zurich denied the claim. Parkans filed suit against Zurich seeking tort damages alleging bad faith and violations of the Texas Insurance Code and Deceptive Trade Practices Act. At trial, the jury found Zurich knowingly engaged in unfair and deceptive practices and awarded $1.29 million on Parkans' tort claims. *Id*. at 516. The Fifth Circuit reversed and noted that "the jury essentially found no tort injuries independent of the contract damage." Per *Castaneda*, Parkans could not recover for extra-contractual damages for the claim denial. *Id*. at 519.

31. The Fifth Circuit reiterated this rule in 2010 in *Great American Ins. Co. v. AFS/IBEX Financial Serv.*, 612 F.3d 800 (5th Cir. 2010) (the insured's assertion that a breach of

contract entitled it to recover its extra-contractual claims "does not comport with this court's case law."). There, the Court stated:

> In its briefing, [the insured] argues that it did not need to prove a separate injury in order to maintain its extra-contractual claims. It argues that [the insurer's] denial of insurance proceeds, standing alone, entitled it to recover on its extra-contractual claims. This assertion does not comport with this court's case law. *See Parkans Int'l LLC v. Zurich Ins. Co.,* 299 F.3d 514, 519 (5th Cir. 2002) (a Texas insurance dispute case, noting that "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from wrongful denial of policy benefits").

*Id.* at 808 n.1.

32. Here, the only injury Plaintiff has alleged is the failure to receive policy benefits based on a Plaintiff's law firm's hired expert's estimate. In short, Plaintiff sues Wellington and Grimm for Palomar's ultimate claim determination and payment. Plaintiff has not stated an actionable claim against Wellington and Grimm for any independent injury caused by them and they were improperly joined in this lawsuit.

### b. The amount in controversy exceeds the jurisdictional requirements for subject matter jurisdiction.

33. As alleged in their Original Petition, Plaintiff seeks monetary relief between $200,000 and $1,000,000. *See* Plaintiff's Original Petition, paragraph 7 (**Exhibit B**). Therefore, the amount in controversy exceeds the jurisdictional requirements for removal.

### III.

### The Removal is Procedurally Correct

34. Because Plaintiff is a citizen of Texas, Defendant Palomar is a citizen of Oregon, and because Defendants Wellington and Grimm have been improperly joined, complete diversity of citizenship exists among the parties.

35. Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and this removal action is proper.

36. This Notice of Removal is timely because this Notice of Removal is being filed within 30 days after service and within one year from the commencement of the action under 28 U.S.C. § 1446(b) and (c).

37. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

38. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

39. Promptly after Palomar files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

40. Promptly after Palomar files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Hidalgo County District Court pursuant to 28 U.S.C. §1446(d).

41. Consent of an improperly joined defendant is not necessary for removal. Nonetheless, Wellington and Grimm consent to this removal.

## IV.

## Conclusion

42. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Palomar hereby removes this case to this Court for trial and determination.

                                         Respectfully submitted,

                                         **THOMPSON, COE, COUSINS & IRONS, L.L.P.**

                        By:  */s/ George H. Arnold*
                               George H. Arnold, **Attorney-In-Charge**
                               Southern District Bar No. 15948
                               State Bar No. 00783559
                               One Riverway, Suite 1400
                               Houston, Texas 77056
                               Telephone: (713) 403-8210
                               Facsimile: (713) 403-8299
                               E-mail: garnold@thompsoncoe.com

OF COUNSEL:

D. Christene Wood
State Bar No. 24042188
Southern District I.D. No. 38044
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8382
Facsimile: (713) 403-8299
E-mail: cwood@thompsoncoe.com

                                         **ATTORNEYS FOR DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

       This is to certify that on the 15th day of March 2017, a true and correct copy of the foregoing document was delivered to all counsel of record, via the Court's ECF notification system pursuant to the Federal Rules of Civil Procedure:

    William T. Jones Jr.
    Robert D. Green
    Daniel P. Barton
    GREEN & BARTON
    1201 Shepherd Drive
    Houston, Texas 77007

                                         */s/ Christene Wood*
                                         D. Christene Wood